# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:19-CR-64-ALM-KPJ |
| ANGELA MAE PENDERGRAFT | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 6, 2020, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Andrew Stover.

On November 9, 2018, Defendant was sentenced by the Honorable Nelva Gonzales Ramos, United States District Judge, to a sentence of one (1) month imprisonment followed by a three (3) year term of supervised release. Defendant's supervision commenced on January 10, 2019.

On February 3, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged, and the probation officer, in consultation with the treatment provider, will supervise participation in the program, and Defendant must pay any cost associated with treatment and testing; and (3) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This

includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Petition asserts that Defendant violated these conditions because: (1) On February 26, 2019, Defendant submitted a urine sample during an office visit which tested positive for Opiates. Defendant subsequently admitted to using opiates without a prescription and signed an admission form stating such. On August 19, 2019, Defendant submitted a urine sample during a home visit which tested positive for methamphetamine. The sample was forwarded to Alere Laboratory where it was confirmed to be positive. On December 13, 2019, Defendant submitted a urine sample during a home visit which tested positive for methamphetamine. After initially denying any drug use, Defendant admitted to using methamphetamine and signed an admission form stating such. On December 18, 2019, Defendant submitted a urine sample at contracted vendor TX & OK Occupational Medicine in Paris, TX, which presumptively tested positive for methamphetamine. The sample was forwarded to Alere Laboratory where it was determined to have been adulterated and inconsistent with normal human urine; (2) on January 25, 2020, Defendant was unsuccessfully discharged from Homeward Bound inpatient drug treatment facility after completing only two (2) days of a twenty-eight (28)-day inpatient program; and (3) on January 28, 2020, Defendant was unsuccessfully discharged from outpatient dual diagnosis substance abuse and mental health treatment at New Focus Counseling.

At the hearing, Defendant entered a plea of true to allegation 1. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release, and thus, her supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 6, 2020, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months with twenty-four (24) months supervised release to follow with the same previously imposed conditions.

**So ORDERED and SIGNED this 8th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE